**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **Roscoe Kennedy Charles Jr.,** ) | |
|     **Petitioner,** ) | |
| ) | |
| **v.** ) | **1:20cv1111 (AJT/TCB)** |
| ) | |
| **Commonwealth of Virginia,** ) | |
|     **Respondent.**[1] ) | |

ORDER

Roscoe Kennedy Charles Jr., a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for the City of Virginia Beach for non-violent felon in possession of a firearm, robbery, use of a firearm during the commission of a felony, possession of a schedule I/II drug, and possession of a schedule IV drug. (Case Nos. CR19000373-00 through -04). Review of the petition reveals that this matter must be dismissed without prejudice for failure to exhaust.[2]

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court to permit the petitioner to present his claims to the state courts. See 28 U.S.C. 2254(b); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion

---

[1] Petitioner is advised that the proper respondent in a habeas proceeding is his custodian, and not the Commonwealth of Virginia. According to his petition, his current custodian is the Sheriff of the Virginia Beach Correctional Center.

[2] A review of the Virginia Courts Case Finder, Case Status ("VCCF Website") page for the Circuit Court of Virginia Beach indicates that petitioner pleaded guilty to all five offenses on October 11, 2019 and sentenced to an active sentence of eight years and six months. and -02). http://ewsocis1.courts.state.va.us/CJISWeb/MainMenu.do (last viewed October 2, 2020). The circuit court entered its final order on October 19, 2020. The web pages also do not indicate that petitioner has filed a habeas petition in the circuit court with regard to his convictions; that he has not filed a habeas or appeal in the Supreme Court of Virginia; and he had not filed an appeal in the Court of Appeals of Virginia.

requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See Picard v. Connor, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that [his or her] continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.

The § 2254 petition filed in this matter, on its face, establishes that the petitioner has not exhausted his claims before the Supreme Court of Virginia.[3] Specifically, petitioner states in his petition that he did not appeal his conviction or seek further review by a higher state court after he was convicted and sentenced in the circuit court [Dkt. No. 1 at 2, 5], and he further states in the petition that he has not presented the claims asserted in the instant petition in a post-conviction proceeding. [Id. at 7, 8, 12, 13, 16].

Accordingly, it is hereby

---

[3] Petitioner is advised that filing this petition under 28 U.S.C. § 2254 for federal habeas corpus relief does not stop the running of the one-year limitations period provided by 28 U.S.C. § 2244(d). See Duncan v. Walker, 533 U.S. 167, 172 (2001). Petitioner is also advised that any appeal of this Order does not prevent him from attempting to exhaust his claims at the Supreme Court of Virginia. In addition, Virginia Code § 8.01-654(A)(2) provides for a statute of limitations for habeas corpus petitions "attacking a criminal conviction or sentence, except as provided in § 8.01-654.1 for cases in which a death sentence has been imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later."

ORDERED that petitioner's motion to proceed in forma pauperis [Dkt. No. 2] is DENIED as MOOT; and it is further

ORDERED that this petition be and is DISMISSED WITHOUT PREJUDICE for failure to exhaust the claims presented. Petitioner may resubmit his claims to this Court after he has exhausted them at the Supreme Court of Virginia.

If petitioner wishes to appeal this decision, he must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement indicating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the Court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil action.

/s/
Anthony J. Trenga
United States District Judge

Entered this 5th day of October, 2020.

Alexandria, Virginia